IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOYLE KETCHERSIDE                                                                                    PLAINTIFF

vs.                                            Civil No. 6:21-cv-06009

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                                       DEFENDANT

### MEMORANDUM OPINION

Doyle Ketcherside ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself not the ECF page number.

1. **Background:**

Plaintiff protectively filed his applications on October 7, 2018, alleging an onset date of April 24, 2015. (Tr. 38, 110, 127, 153, 171). In his applications, Plaintiff alleges being disabled due to torn labrums in both shoulders, right ankle injury for fifteen (15) years, left knee injury for ten years (10), lower back injury for five years (5), and depression. (Tr. 110, 127, 153, 171). His applications were denied initially on March 15, 2019 and were denied again upon reconsideration on June 7, 2019. (Tr. 200-206, 212-215). Plaintiff subsequently requested an administrative hearing, and this hearing request was granted. (Tr. 218-224). Plaintiff's administrative hearing was held on April 21, 2020, *via* telephone in Little Rock, Arkansas. (Tr. 61-91). At this hearing, Plaintiff was present and represented by counsel, Hans Pullen. *Id*. Plaintiff and Vocational Expert ("VE") Charles Turner testified at this administrative hearing. *Id*.

On June 24, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 35-54). In her decision, the ALJ found Plaintiff had not engaged in substantial gainful activity ("SGA") since April 24, 2015, his alleged onset date. (Tr. 41, Finding 2). The ALJ determined Plaintiff was forty-one (41) years old on his alleged disability onset date, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c) 416.963(c) (2008). (Tr. 52, Finding 7). The ALJ found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 52, Finding 8).

The ALJ then determined Plaintiff had the following severe impairments: disorder of bilateral shoulders, joint disorder, lumbar degenerative disc disease, major depressive disorder, anxiety, and alcohol abuse disorder. (Tr. 42, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 43, Finding 4).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 45, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); except, he can occasionally reach overhead bilaterally. He can perform work where interpersonal contact is routine, but superficial, e.g. grocery checker. He can work where tasks should be no more complex than those learned by experience, using several variables and judgment within limits. Supervision required is little for routine tasks but detailed for non-routine. This constitutes semi-skilled work.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 52, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 52, Finding 10). Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) sorter with 35,000 such jobs available in the national economy, and (2) table worker with 6,000 such jobs available in the national economy. (Tr. 52-53, Finding 10).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 24, 2015, through the date of her decision or through June 24, 2020. (Tr. 53-54, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On December 14, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On January 15, 2021, Plaintiff filed the present appeal. ECF

No. 1. The parties consented to the jurisdiction of this Court on January 15, 2021. ECF No. 5. This case is now ready for decision.

**2.     Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The fact

finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in failing to find Plaintiff met a Listing, (2) in failing to properly evaluate the medical opinion evidence, and (3) in failing ask a proper hypothetical to the VE.  ECF No. 16, Pgs. 2-17.  In response, Defendant argues the ALJ did not err in any of her findings.  ECF No. 19.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily

affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of June 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE